Reade, J.
 

 In
 
 Atkin
 
 v.
 
 Mooney,
 
 Phil. Law 31, it was said that collecting officer was authorized-to receive, without instructions to the contrary, whatever was current
 
 in the
 
 payment of such debts as he had to collect; but that there was a limit to his discretion, and that he would not be authorized to receive funds so depreciated as that it would amount to notice, that they would not be received. And that case, which was a
 
 certiorari
 
 at law, was ordered to be put upon the trial docket, in order that it might be ascertained whether the fund received by the officer was, at the time of its reception, (Agust, 1863,) current with prudent business men in the payment of such debts as he had to collect. Whether an officer was justified in receiving’ Confederate treasury notes, must depend upon the circumstances of each particular case, and no inflexible rule can be laid down. Probably it may-aid investigation to say that, as a general rule, an officer might have received them up to 1863, and ought not to have received them alter 1863, upon ante-war debts; and that 1863 is debatable ground. Where an officer received them when he ought not, they were a payment of the debt to the amount of their value only. The remainder of the debt is. unpaid, and the officer is liable for their value at the time they were received.
 

 If, in this case, the Clerk and Master of Orange county ought not to have received the money1- in December, 1863,
 
 *237
 
 then, he will be chargeable with the value oí the treasury notes at that time, and the bond given for the land will be satisfied to that amount, and the remainder will still be due. The payment of $125 to one of the plaintiffs will also be allowed.
 

 So much of the decretal order appealed from as declares the payment made to the Clerk and Master in Confederate treasury notes on the 26th December, 1863, void, and no payment at all, is erroneous. It was a payment to the amount of the value of the Confederate treasury notes at that time;
 
 (Phillips
 
 v. Hooker, at this term). What that value was, ought to be ascertained by reference to a commissioner, with instructions to report special matters at the instance of either party. And, as the Clerk and Master of Orange county is interested, he ought to have notice.
 

 There is error in the order appealed from to the extent declared.
 

 This will be certified to the court below, to the end, &c.
 

 Per Curiam.
 

 Decree accordingly.